Cynthia L. Fulton, Esq. SBN 012480
Fulton Friedman & Gullace LLP
2345 E. Thomas Rd., Ste. 460
Phoenix, Az. 85016
cynthia.fulton@fultonfriedman.com
(866) 563-0809

Birgit Dachtera Stuart, Esq.
The Law Offices of Ronald S. Canter, LLC
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
bstuart@roncanterllc.com
(301) 770-7490

Attorneys for Defendant

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Garo and Barbara Garo<br><br>Plaintiffs<br><br>vs.<br><br>Global Credit and Collection Corp<br><br>Defendant | Case No.: CV 09-2506 PHX GMS<br><br>**GLOBAL CREDIT AND COLLECTION CORPORATION'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant Global Credit and Collection Corporation ("Defendant"), hereby responds to Plaintiffs' Second Amended Complaint ("Complaint") for damages as filed in the United States District Court in and for the District of Arizona, Case No. 2:09-CV-02506-GMS ("Complaint") by and through the undersigned counsel as follows:

1. In answer to the allegations in Paragraph 1 of the Complaint, Defendant admits that this is a purported class action for damages for alleged violations of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act. To the

extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

2. The allegations in Paragraph 2 of the Complaint pertain to jurisdiction, for which an answer is either admitting or denying the allegations is not required.

3. The allegations in Paragraph 3 of the Complaint pertain to venue, for which an answer is either admitting or denying the allegations is not required.

## PARTIES

4. In answer to the allegations in Paragraph 4 of the Complaint, Defendant is informed and believes that Plaintiffs Martin Garo and Barbara Garo reside within the District of Arizona.

5. In answer to the allegations in Paragraph 5 of the Complaint, Defendant denies that Plaintiff Martin Garo is a “consumer” as that term is defined by 15 U.S.C. § 1692a(3). In further response to the allegations in Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether the debt it was attempting to collect from Barbara Garo was for personal, family or household purposes, and therefore denies that Barbara Garo is a “consumer” as defined by 15 U.S.C. §1692a(3).

6. In answer to the allegations in Paragraph 6 of the Complaint, Defendant lacks sufficient knowledge or information as to whether the debt it was attempting to collect from Barbara Garo was incurred primarily for personal, family or household purposes, and on that basis denies that it was attempting to collect a “debt” from Plaintiffs, as defined by 15 U.S.C. § 1692a(5). In further response to the allegations

in Paragraph 6, Defendant denies that it was attempting to collect any debt from Plaintiff Martin Garo.

7. In answer to the allegations in Paragraph 7 of the Complaint, Defendant admits that at times, it acts as a "debt collector" as defined by 15 U.S.C. § 1692a(6).  In further answer to the allegations in Paragraph 7 of the Complaint, Defendant lacks sufficient knowledge or information as to whether the debt it was attempting to collect was incurred primarily for personal, family or household purposes, and on that basis denies it was acting as a "debt collector" while attempting to collect the debt from Barbara Garo, as the term is defined by 15 U.S.C. § 1692a(6).

8. In answer to the allegations in Paragraph 8 of the Complaint, Defendant admits on information and belief that Plaintiff Barbara Garo is a natural person obligated or allegedly obligated to pay a debt owed or due to creditor Capital One Bank (USA) N.A.  In further answer to the allegations in Paragraph 8 of the Complaint, Defendant denies that Plaintiff Martin Garo is obligated or allegedly obligated to pay the debt that Defendant attempted to collect.

9. In answer to the allegations in Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to truth of the allegations, and on that basis denies them.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint, and avers that www.globalcollection.net is not its website.

12. Defendant denies the allegations in Paragraph 12 of the Complaint, and avers that www.globalcollection.net is not its website.

13.    Defendant denies the allegations in Paragraph 13 of the Complaint, and avers that www.globalcollection.net is not its website.

14.    Defendant denies the allegations in Paragraph 14 of the Complaint, and avers that www.globalcollection.net is not its website.

15.    Defendant denies the allegations in Paragraph 15 of the Complaint, and avers that www.globalcollection.net is not its website.

16.    Defendant denies the allegations in Paragraph 16 of the Complaint, and avers that www.globalcollection.net is not its website.

17.    Defendant denies the allegations in Paragraph 17 of the Complaint, and avers that www.globalcollection.net is not its website.

18.    Defendant denies the allegations in Paragraph 18 of the Complaint, and avers that www.globalcollection.net is not its website.

19.    Defendant denies the allegations in Paragraph 19 of the Complaint, and avers that www.globalcollection.net is not its website.

20.    Defendant denies the allegations in Paragraph 20 of the Complaint, and avers that www.globalcollection.net is not its website.

21.    Defendant denies the allegations in Paragraph 21 of the Complaint, and avers that www.globalcollection.net is not its website.

22.    Defendant denies the allegations in Paragraph 22 of the Complaint, and avers that www.globalcollection.net is not its website.

23.    Defendant denies the allegations in Paragraph 23 of the Complaint, and avers that www.globalcollection.net is not its website.

24.    Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. In answer to the allegations in Paragraph 33 of the Complaint, Defendant admits that it uses an automatic telephone dialing system to make and/or place telephone calls to persons' residential telephone numbers in an effort to collect debts from said persons.  Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

34. In answer to the allegations in Paragraph 34 of the Complaint, Defendant denies that this message was left on the date and time alleged.  In further answer to the allegations in Paragraph 34 of the Complaint, Defendant denies that it knowingly and willfully initiated any telephone call to Plaintiff Martin Garo's residential telephone.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. In answer to the allegations in Paragraph 37 of the Complaint, Defendant denies that this message was left on the date and time alleged.  In further answer to the allegations in Paragraph 37 of the Complaint, Defendant denies that it knowingly

and willfully initiated any telephone call to Plaintiff Martin Garo's residential telephone.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     In answer to the allegations in Paragraph 38 of the Complaint, Defendant asserts that no allegation is made against it, and furthermore avers that it was not attempting to collect a debt from the Plaintiff Martin Garo.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

39.     In answer to the allegations in Paragraph 39 of the Complaint, Defendant asserts that no allegation is made against it.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

40.     In answer to the allegations contained in Paragraph 40 of the Complaint, Defendant denies numerosity as Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that all members of the potential class have the same claim as the named Plaintiffs.

41.     In answer to the allegations in Paragraph 41 of the Complaint, Defendant lacks sufficient knowledge or information as to the truth of the allegations therein, and on that basis denies them.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     In answer to the allegations in Paragraph 43 of the Complaint, Defendant denies common questions of fact and law as set forth in that paragraph.

44.     In answer to the allegations in Paragraph 44 of the Complaint, Defendant denies typicality of the class claims.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     In answer to the allegations in Paragraph 46 of the Complaint, Defendant denies that Plaintiffs possessed the same interest and have suffered same injury as each class member and further denies that the named Plaintiffs assert identical claims and seek identical relief.

47.     In answer to the allegations in Paragraph 47 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and thus deny those allegations.

48.     In answer to the allegations in Paragraph 48 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and thus deny those allegations.

49.     In answer to the allegations in Paragraph 49 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and thus deny those allegations.

50.     In answer to the allegations in Paragraph 50 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and thus deny those allegations.

51.     In answer to the allegations in Paragraph 51 of the Complaint, Defendant denies that a class should be certified pursuant to Rule 23(b)(1)(A) and 23(b)(1)(B).

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53. In answer to the allegations in Paragraph 53 of the Complaint, Defendant denies that a class should be certified pursuant to Rule 23(b)(2).

54. In answer to the allegations in Paragraph 54 of the Complaint, Defendant denies that a class should be certified pursuant to Rule 23(b)(3).

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. In answer to the allegations in Paragraph 56 of the Complaint, Defendant incorporates by reference its answers to the preceding Paragraphs 1 through 55.

57. In answer to the allegations in Paragraph 57 of the Complaint, Defendant asserts that said paragraph makes no allegations against it. To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

58. In answer to the allegations in Paragraph 58 of the Complaint, Defendant asserts that said paragraph makes no allegations against it. To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

59. In answer to the allegations in Paragraph 59 of the Complaint, Defendant asserts that said paragraph makes no allegations against it. To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

60. In answer to the allegations in Paragraph 60 of the Complaint, Defendant asserts that said paragraph makes no allegations against it. To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

61.   Defendant denies the allegations in Paragraph 61 of the Complaint.

62.   In answer to the allegations in Paragraph 7 of the Complaint, Defendant incorporates by reference its answers to the preceding Paragraphs 1 through 55.

63.   In answer to the allegations in Paragraph 63 of the Complaint, Defendant asserts that said paragraph makes no allegations against it.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

64.   In answer to the allegations in Paragraph 64 of the Complaint, Defendant asserts that said paragraph makes no allegations against it.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

65.   Defendant denies the allegations in Paragraph 65 of the Complaint.

66.   In answer to the allegations in Paragraph 66 of the Complaint, Defendant incorporates by reference its answers to the preceding Paragraphs 1 through 55.

67.   In answer to the allegations in Paragraph 67 of the Complaint, Defendant asserts that said paragraph makes no allegations against it.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

68.   In answer to the allegations in Paragraph 68 of the Complaint, Defendant asserts that said paragraph makes no allegations against it.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

69.   Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     In answer to the allegations in Paragraph 70 of the Complaint, Defendant incorporates by reference its answers to the preceding Paragraphs 1 through 55.

71.     In answer to the allegations in Paragraph 71 of the Complaint, Defendant asserts that said paragraph makes no allegations against it.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

72.     In answer to the allegations in Paragraph 72 of the Complaint, Defendant asserts that said paragraph makes no allegations against it.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

73.     In answer to the allegations in Paragraph 73 of the Complaint, Defendant asserts that said paragraph makes no allegations against it.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

74.     In answer to the allegations in Paragraph 74 of the Complaint, Defendant asserts that said paragraph makes no allegations against it.  To the extent that this paragraph can be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     In answer to the allegations in Paragraph 76 of the Complaint, Defendant incorporates by reference its answers to the preceding Paragraphs 1 through 55.

77.     In answer to the allegations in Paragraph 77 of the Complaint, Defendant asserts that said paragraph makes no allegations against it.  To the extent that this paragraph can

be construed as making any allegations against Defendant, Defendant denies the allegations contained therein.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. All allegations not specifically admitted herein are denied.

**AFFIRMATIVE DEFENSES**

As and for its affirmative defenses, Defendant Global Credit and Collection Corporation states:

A. Bona fide error pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

B. Failure to state a claim upon which relief may be granted.

C. Plaintiff Martin Garo lacks standing to bring these FDCPA claims.

D. Defendant's debt collection telephone calls to Plaintiffs are specifically exempted under the rules and regulations promulgated under the TCPA.

Respectfully submitted this 29th day of September, 2010.

Fulton Friedman & Gullace, LLP

Cynthia Fulton
Cynthia L. Fulton
2345 E. Thomas Rd., Ste. 460
Phoenix, Az. 85016
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of September, 2010 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Marshall Meyers, Esq.
Weisberg & Meyers LLC
5025 N. Central Ave., Ste. 602
Phoenix, Az. 85012
mmeyers@attorneyforconsumers.com

Aaron Radbil, Esq.
Weisberg & Meyers LLC
5722 S Flamingo Road, Suite 656
Cooper City, FL 33330
aradbil@attorneysforconsumers.com

Cynthia Fulton
Cynthia Fulton