**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Garo; Barbara Garo; On behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>vs.<br><br>Global Credit & Collection Corporation,<br><br>           Defendant. | No. CV-09-2506-PHX-GMS<br><br>**ORDER** |

Pending before this Court are: (1) Defendant's Motion For Partial Summary Judgment, Doc. 35; (2) Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction, Doc. 37; (3) Plaintiff's Motion for Class Certification And Appointment of Class Counsel, Doc. 40; (4) Defendant's Motion for Leave to File Counterclaim Doc. 46; (5) Plaintiff's Motion to Stay And/Or Abate Ruling on Defendant's Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56F, Doc.48;(6) Plaintiff's Motion For Leave To File Supplemental Authority in Support of Their Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint For Lack of Subject Matter Jurisdiction, Doc. 66; (7) Plaintiff's Motion for Leave to Depose Martin Sugar and Daniel Elmalem and to Propound Additional Requests for Production, Doc. 70; and, finally, (8) Plaintiff's Motion to Strike Response in Opposition to Motion, Doc. 72.

For the reasons stated below Plaintiffs' Motion to Stay And/Or Abate, Doc. 48 is denied. Nevertheless, the Court grants Plaintiffs until December 21, 2010 to file a Response to Defendant's Motion for Summary Judgment. The motion shall, thereafter, be ruled on. Defendant's Motion For Partial Summary Judgment, Doc. 35, is therefore deferred until such time. Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction, Doc. 37 is denied and Plaintiff's Motion for Leave to File Supplemental Authority on that motion, Doc. 66, is denied as moot. Plaintiffs' Motion for Class Certification and Appointment of Class Counsel is likewise deferred until the Court rules on Defendant's Motion for Partial Summary Judgment, Doc. 35. Defendant's Motion for Leave to File Counterclaim, Doc. 46 is denied, and Plaintiffs' Motion For Leave to Depose Martin Sugar and Daniel Elmalem, Doc. 70, is denied as is their Motion to Strike, Doc. 72.

## BACKGROUND

Plaintiffs Barbara and Martin Garo bring five separate counts in their Second Amended Complaint ("SAC") against Defendant Global Credit & Collection Corporation. The first four counts all state claims under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by alleging that the content of certain automated messages left at Plaintiffs' residence violated provisions of the FDCPA. The Fifth Count states a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et. seq., by alleging that the Defendant called the Plaintiffs without their consent in violation of that law.

In the SAC Plaintiffs allege that they are "consumers" as defined by the FDCPA 15 U.S.C. § 1692a(c) and that Defendant Global is a "debt collector" under the Act. Plaintiffs allege that they were obliged to pay a debt owed to Capital One Bank and that their debt arose from a transaction for personal, family or household purposes. The SAC further alleges that the named Plaintiffs represent a class of similarly situated individuals with respect to the liability of the Defendant.

///

**ANALYSIS**

**I.      Motion For Summary Judgment On Plaintiffs' TCPA Claim.**

The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an automatic or pre-recorded voice to deliver a message without the prior express consent of the call party, unless the call is initiated for emergency purposes or is exempted by rule or order by the (FCC) under Paragraph (b) (II)." 47 U.S.C. § 227(b)(1)(B). In fact the FCC has observed that "all debt collection circumstances involve a prior or existing business relationship" and thus have exempted debt collection calls "from the TCPA's prohibition against pre-recorded message calls because they are commercial calls which do not convey an unsolicited advertisement and do not adversely effect residential subscriber rights." 7 FCC Rcd 8752, 8771-8772 (1992); *see also* 47 C.F.R. § 64.1200(a)(2)(iii) and (iv) (2008).

To the extent then that the automatic calls were debt collection calls, as the SAC alleges, Plaintiffs do not state a claim under the TCPA. *Meadows v. Franklin Collection Service, Inc.,* 2010 WL 2605048, *4 (N.D. Ala. June 25, 2010).[1] The SAC also alternatively alleges, however, that the calls were made "upon information and belief in an attempt to encourage the purchase or rental of, or investment in, property, goods, or services; and upon information and belief to advertise the commercial availability or quality of property, goods, or services." SAC ¶¶ 24-33. There is no apparent exception to the TCPA if the calls were of such a nature.

With its motion for summary judgment filed on September 13, Defendant sets forth the affidavit of its Compliance Manager, Daniele DePaolis. In that affidavit DePaolis avers that "All calls initiated by Global are to debtors who allegedly owed debts to Global's creditor clients." Global is not in the business of encouraging the purchase or rental of, or

---

[1] Defendant states as an uncontested fact on which this motion depends that both Plaintiffs are "consumers" as defined by the FDCPA. Doc. 36 at ¶ 1. In its opposition to Plaintiffs Motion to Certify the Class, however, Defendant denies that Plaintiff Martin Garo is a "consumer" under the FDCPA.

investment in property goods or services and has not placed any calls to the Plaintiffs for such purposes." Further DePaolis avers "Global is not in the business of advertising the commercial availability or quality of property, goods or services and did not place any calls to the Plaintiffs for such services."

Pursuant to Rule 56(d).[2], "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(d). The reasons specified in the affidavit accompanying Plaintiffs' Motion are far from sufficient. Plaintiffs' counsel states in that affidavit that it only received Defendant's Responses to its initial written discovery in August and September, that it was not allowed to review the affidavit of DePaolis prior to the filing of Defendant's Motion for Summary Judgment on September 13 and that it now wants to depose DePaolis on the averments contained in the affidavit.

Plaintiffs do not contest that the FCC has exempted debt collection calls from the reach of the TCPA. Nor do they respond to the affidavit of DePaolis with admissible testimony of their own raising issues of fact as to whether Defendant contacted Plaintiffs with the purpose of encouraging "the purchase or rental of, or investment in property good, or services" or to "advertise the commercial availability or quality of property goods, or services." Rather, one month after Defendant filed its motion, Plaintiffs filed their Motion to Stay and or Abate Ruling on Defendant's Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56F, Doc. 48.

Despite engaging in discovery since May, and despite filing their motion for certification of a TCPA subclass, Plaintiffs, in the affidavit accompanying their Rule 56(f)

---

[2]On December 1, 2010 amendments to the Federal Rules Of Civil Procedure became effective. Those amendments renumber and slightly revise the former text of Rule 56(f) as Rule 56(d). The change in the rule works no substantive change in the Court's analysis of the present motion.

- 4 -

1  motion, specify no information that they seek to obtain, other than the deposition of
2  DePaolis, that might raise an issue of fact as to nature of Defendant's business sufficient to
3  defeat Defendant's motion for summary judgment on the TCPA issue.  Further, in that
4  affidavit, Plaintiffs offer no specific reason to believe that DePaolis has information that
5  might raise an issue of fact sufficient to defeat Defendant's motion.

6        By the allegations of the SAC, Plaintiffs themselves put at issue whether Defendant
7  independently seeks to engage in "the purchase or rental of, or investment in property good,
8  or services" or advertising the availability of the same.  Further, on September 30, 2010,
9  Plaintiffs filed their own Motion for Class Certification in which they request the Court to
10 certify two distinct subclasses--one based on their TCPA claim.  At the time that they filed
11 this motion for class certification, Plaintiffs were, of course, aware of their burden of
12 demonstrating the appropriateness to this Court of certifying the TCPA subclass.  They were
13 also aware that Defendant had already challenged the appropriateness of the TCPA claim
14 through its motion for summary judgment.

15       Finally, despite being aware of the contents of the DePaolis affidavit since September
16 13, Plaintiffs first requested the opportunity to depose DePaolis on October 12, a month later,
17 two weeks after they filed their own motion for subclass certification, only a day before they
18 filed their Rule 56(f) motion, and the day before the response to Defendant's motion would
19 have otherwise been due.  It is unclear why Plaintiffs waited a month to request a date for the
20 deposition of DePaolis and hardly surprising that Defendant was unable to respond to
21 Plaintiffs' request by the next day.  Apparently, Plaintiffs have still not noticed a date for the
22 deposition of DePaolis. See Doc. 71 at 3 fn. 4.  Such scheduling does not suggest diligence
23 in attempting to obtain DePaolis's deposition, as much as it suggests an attempt to postpone
24 a ruling on the merits.

25       When Defendant raises a good faith and rather simple question to pare down the scope
26 of the litigation, it is under no obligation to wait until the discovery deadline for Plaintiffs
27 to leisurely pursue the question, especially when Plaintiffs are under a concomitant obligation
28 to demonstrate the viability of the subclasses they attempt to certify.

1  For the above reasons, Plaintiffs' Motion to Stay And/Or Abate Ruling on 2 Defendant's Motion for Partial Summary Judgment is denied. If Plaintiff wishes to file a 3 Response to Defendant's Partial Motion for Summary Judgment, it must do so by **December** 4 **21, 2010**. Defendant shall file any Reply by **January 7, 2011**. The Court will hold oral 5 argument on the outstanding matters on **January 11, 2011**. Thereafter, the Court will rule 6 on the motion.

7  **II.      Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction**

8  On September 16, 2010, Defendant filed a Motion to Dismiss the FDCPA claims, 9 counts I-IV of the SAC, because Defendant had offered Plaintiffs the maximum amount of 10 damages they could receive under the FDCPA. Defendant thus argues that Plaintiffs FDCPA 11 claims are moot and should be dismissed on jurisdictional grounds. The motion further 12 argues that once the jurisdiction-granting FDCPA claims have been dismissed, the Court 13 should also dismiss without prejudice Count V, the TCPA claim, since there is no 14 independent basis for federal jurisdiction over that claim. *Murphey v. Lanier,* 204 F.3d 911, 15 914 (9th Cir. 2000).

16  In this case, Defendant's arguments are without merit. When a putative class action 17 is filed, the putative class representatives are under an obligation to represent the interests 18 of the putative class, even before the action has been certified by the court. *Liles v. American* 19 *Corrective Counseling Services, Inc.,* 201 F.R.D. 452, 455 (S.D. Iowa 2001). Thus, while 20 a putative class representative *may* decide to relinquish his or her representative status and 21 settle his or her individual claims prior to the certification of the class action, he or she may 22 not be obliged to forfeit her representative status by defendant's offer to her of the maximum 23 individual amount of her claim. While such an offer might satisfy the individual claim of the 24 class representative, it does not satisfy the claims of the potentially aggrieved members of 25 the putative class that the named plaintiff has voluntarily agreed to represent.

26  Defendant offers a number of cases that, it suggests, stand for the contrary 27 proposition. They do not. In *O'Brien v. Ed Donnelly, Enterprises, Inc.,* 575 F.3d 567 (6th 28 Cir. 2009), the class had been decertified by the Court prior to defendant's offer to the

- 6 -

1  individual named plaintiffs of the maximum amount that they could receive under the statute.
2  *See also Abrams v. Interco Inc.,* 719 F.2d 23, 32 (2nd Cir. 1983) (holding that after refusal
3  of court to certify class individual claims were mooted by an offer of more than maximum
4  amount of judgment.); Similarly in *Greisz v. Household Bank of (Illinois), N.A.,* 176 F.3d
5  1012, (7th Cir. 1999), the Seventh Circuit concluded that after a court had refused to certify
6  a class due to the incompetence of its attorney, the attorney's suggestion to his only
7  remaining client to refuse an offer that was greater than the maximum she could receive
8  under the statute only further demonstrated the attorney's incompetence and justified the
9  Court's refusal to certify the class. The *Greisz* Court went on to note, however, "[w]e would
10 have a different case if the [Defendant] had tried to buy off Greisz with a settlement offer
11 greater than her claim before the judge decided whether to certify the class. . . . [Such a]
12 tactic is precluded by the fact that before the class is certified, which is to say at a time when
13 there are many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire*
14 relief sought by the suit." *Greisz* citing *Alpern v. UtiliCorp, United, Inc., supra,* 84 F.3d
15 1525, 1539 (8th Cir. 1996); *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 341
16 (concurring opinion).

17 It is true that both *Clark v. State Farm Mut. Auto. Ins. Co.,* 590 F.3d 1134, 1139 (10th
18 Cir. 2009), and *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir. 1999) hold that in
19 certain circumstances, if complete relief is offered to the class representatives before the class
20 is certified, then a plaintiff cannot avail himself of the class action exception to the mootness
21 doctrine. However, a careful reading of these cases, especially in light of the succeeding
22 precedents in the Seventh Circuit such as *Greisz*, demonstrates that such an offer cannot moot
23 a class action except where the plaintiff has had ample time to file the class certification
24 motion, and has failed to do so.

25 That is not the case here. In this case, in the Case Management Order dated May 10,
26 2010, the Court set the deadline for Plaintiffs to file a class certification motion as September
27 30, 2010, Doc. 25. Plaintiffs complied with that deadline. Defendant made its offer of
28 judgment prior to that deadline. It also filed its Motion to Dismiss prior to the deadline.

Therefore, Plaintiffs' SAC is not mooted by Defendant's offer of judgment that preceded the deadline for Plaintiffs to move for class action certification.[3] Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 37, is, therefore, denied.

### III.   Plaintiff's Motion To Certify the Class

Plaintiffs seek to represent and have this Court certify two separate subclasses. Plaintiffs' define the first, the FDCPA class claim, as

> All persons located in the Ninth Circuit who, within one year before the date of this complaint, received a voice message from Defendant in connection with an attempt to collect any consumer debt, where the voice message[] [or messages] was substantially similar or materially identical to the prerecorded messages delivered to Plaintiffs.

In the second, the TCPA claim, Plaintiffs seek to have this Court certify a TCPA subclass defined as

> All persons located in the Ninth Circuit who, within four years before the date of this complaint, received on their residential telephone line an artificial or prerecorded voice message from Defendant, absent prior express consent, and not subject to exemption by rule or order.

For reasons explained above, the Court will not presently rule on the request to certify a TCPA subclass, because it is not clear that there is a viable TCPA claim. This motion to certify will thus abide the Court's ruling on the Motion for Summary Judgment on the TCPA claim. As for the FDCPA subclass, prior to certifying a class the Court must be satisfied that the proposed class meets the requirements of Fed. R. Civ. P. 23.

As it pertains to the FDCPA claim the Court rules as follows:

The Court finds that the numerosity commonality and typicality requirements have been sufficiently met. By virtue of Defendant's responses to interrogatories and answers to request for admissions, Plaintiffs have established that:

1.   Defendant is a debt collector for purposes of the FDCPA. Defendant's

---

[3] Plaintiffs' Motion For Leave To File Supplemental Authority in Support of Their Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint For Lack of Subject Matter Jurisdiction, Doc. 66 is denied as moot.

- 8 -

1  Responses to Plaintiffs' Initial Requests for Admission ("DRPIRA") at ¶ 4.

2       2.     Defendant left automated messages for Plaintiff Barbara Garo in an attempt to
3  collect a debt. DRPIRA at ¶¶ 5-6, 21; Defendant's Answers to Plaintiffs' Initial
4  Interrogatories ("DAPII") at ¶ 10.

5       3.     In doing so it failed to disclose that the caller was a debt collector and that the
6  purpose of the call was to collect a debt. DRPIRA at ¶ 7.

7       4.     As it pertains to debt collection calls, Defendant initiated telephone calls to
8  residential telephone lines of unnamed class members of the classes of individuals that
9  Plaintiffs seek to represent using an artificial or a prerecorded voice to deliver a message.
10 DRPIRA at ¶ 33.

11      5.     Defendant uses an Avaya phone system which is used to place automatic dialer
12 calls. Defendant's Answers to Plaintiff's Initial Interrogatories ("DAPII")at ¶¶ 5,8.

13      6.     Defendant memorializes all activities on an account including the placement
14 of automatic or manual phone calls. DAPII at ¶¶ 5.

15 Plaintiffs have credibly demonstrated that at least some of the automatic calls left for
16 Barbara Garo violated the terms of the FDCPA, and that Defendant also called putative class
17 members and left automated messages with them seeking to collect a debt. Defendant
18 asserts, however, that numerosity cannot be established because there is no evidence that the
19 text of the automated messages left for others similarly violated the FDCPA, nor have
20 Plaintiffs credibly established the number of similar calls that Defendant may have made
21 from its automated calling systems.

22 Nevertheless, "Plaintiffs are not required to quantify with precision the number of
23 class members, but Plaintiffs may rely on reasonable inferences drawn from the available
24 facts in estimating the size of the class." *Westways World Travel, Inc. v. AMR Corp.,* 218
25 F.R.D. 223, 234 (C.D.Cal 2003). This is especially the case "where the information
26 regarding the number of individuals affected by Defendants' wrongful conduct is inherently
27 within Defendants' control." *Id.* That appears to be the case here. Even assuming that
28 Defendant, while tracking all automated calls made by its phone system does not track the

1  text of all the automated calls placed, that does not mean that Defendant is unfamiliar with
2  the text of the automated calls typically used. Nor does it mean that it can escape class action
3  liability simply by refusing to specifically track the automated calls it uses that may violate
4  the FDCPA. The Court believes that the facts in this case justify an inference that
5  numerously and typically are satisfied.

6  Defendant also asserts that Plaintiffs' have not established that Martin Garo is a
7  consumer pursuant to the definition of the FDCPA. Defendant further argues that Plaintiffs
8  have not established that Martin and Barbara Garo are married, so that whether the existence
9  of a marital community might affect whether Martin Garo is a "consumer" under the FDCPA
10 has not yet been established. Thus Defendant argues, Plaintiffs have not yet established that
11 Martin Garo's claims are typical of those of the class.

12 Nevertheless, in its motion for summary judgment on the TCPA claim, Defendant
13 concedes that both named Plaintiffs in this action, including Martin and Barbara Garo, are
14 "consumers" for purposes of the FDCPA. Doc. 36 ¶ 1. It is true that in its amended answer
15 to the SAC, Defendant has denied that Martin Garo is a consumer, apparently for purposes
16 of defeating class certification on the FDCPA claim. Defendant cannot have it both ways.
17 While Defendant may plead facts in the alternative, it cannot successfully assert mutually
18 inconsistent facts to obtain favorable judgments before the same court at the same time on
19 separate issues.

20 Because the Court has withheld ruling on Defendant's Motion for Summary Judgment
21 on the TCPA claim, it will also withhold a ruling on whether Martin Garo can appropriately
22 serve as a class representative until it rules on the TCPA claim. Plaintiffs may, during the
23 interim, provide to the Court facts concerning the Garos' marital status, and any other facts
24 or legal argument that may bear on whether Mr. Garo is a "consumer" under the FDCPA due
25 to his marital status with Barbara Garo or otherwise. Defendant may, of course, respond.
26 Should Plaintiffs wish to file any such supplemental arguments they shall be due on
27 **December 21, 2010**. Defendant's Response, if any, shall be due on **January 7, 2011**. The
28 Court will hold oral argument on these outstanding matters on **January 11, 2011**.

1    Nevertheless, Defendant's argument that Martin Garo may not have typical claims
2 does not suggest that Barbara Garo would not have claims sufficient to be an FDCPA class
3 representative, as she has reasonably established the numerosity, commonality and typicality
4 requirements of Fed. R. Civ. P. 23(a). She has further established to the Court's satisfaction
5 that, pursuant to Fed. R. Civ. P. 23(b), there are common issues of law and fact between her
6 claims, and those of the FDCPA subclass. Such issues include whether the automated
7 messages that were left at the Garo residence are typical of those automated messages, left
8 by Defendant with other class members.

9    Plaintiff Barbara Garo has also established to the Court's satisfaction that she can
10 adequately represent the class. Defendant argues, based on its newly asserted counterclaim,
11 that Plaintiffs cannot adequately represent the class because the counterclaim that it attempts
12 to assert against the named plaintiffs in this case creates a conflict between the existing class
13 representatives and its putative members.

14    Such a conflict is not immediately apparent. Although the counterclaims arose out
15 of this lawsuit, they have nothing to do with the merits of the class claims. It is not disputed
16 that Defendant's proposed counterclaims arise from an attachment appended to Plaintiffs'
17 Motion For Class Certification and Appointment of Class Counsel that was filed on
18 September 30, 2010. In this attachment, Plaintiffs disclosed certain financial information
19 relating to Defendant that was provided by Defendant pursuant to a Confidentiality
20 Agreement that was entered in this matter. The next day Defendant filed a motion to seal and
21 to redact the confidential information. Doc. 44. Three days later, On October 4, Plaintiffs
22 filed a motion to remove these pages from their filing. Doc. 45.

23   On October 8, 2010, Defendant filed a Motion for Leave to File Counterclaim that
24 asserts claims for breach of contract and violation of the Arizona Trade Secrets Act valued
25 at $1,000,000.00. Defendant further seeks injunctive relief against Plaintiffs for their
26 attachment of this information to their motion. Five days later, on October 13, Plaintiffs
27 filed their Motion For Expedited Ruling on their motion to remove the subject documents
28 from the Court file. On October 15, this Court entered an order sealing the relevant exhibit

1 to the Motion to Certify, and directing Plaintiff to file a redacted exhibit. Defendant's
2 counterclaim would thus, in theory, allow Defendant to recover against the Garos for any
3 damages Defendants could establish resulting from the fifteen days that the private financial
4 information of Defendant was subject to public disclosure by its placement in the Court file.
5 Even assuming Defendant's complete success on its counterclaim against the named
6 Plaintiffs, however, the counterclaim would not impair the recovery of the Garos on their
7 class claims against Defendant, nor will it impair the recovery of any class member on the
8 class claims.

9 Defendant cites *Beck v. Maximus, Inc.,* 457 F.3d 291, 296 (3d Cir. 2006) for the
10 proposition that "a proposed class representative is neither typical nor adequate if the
11 representative is subject to a unique defense that is likely to become a major focus of the
12 litigation." *Beck. supra,* at 301. However, as is detailed above, Defendants have no defenses
13 against Plaintiffs' class claims that are unique to the Garos. And, it is not apparent to the
14 Court that the proposed counterclaim would or should be "a major focus" of this litigation.
15 Nevertheless, to the extent that Defendant is indicating that the counterclaim may in fact,
16 become a major focus of this litigation, there is a separate way to prevent prejudice to the
17 members of the class whose claims are not affected by Defendant's counterclaims against
18 Plaintiffs.

19 Defendant's proposed counterclaim against the Garos is, pursuant to Fed. R. Civ. P.
20 13(e) a counterclaim that matured after pleading. The Court *may,* but is not required to
21 permit such counterclaims. A court should hesitate before it allows a supplemental pleading
22 to "to introduce a separate, distinct and new cause of action." *Center for Biological Diversity*
23 *v. Salazar,* No. CV07-0038-PHX-MHM, 2010 WL 3924069 at *$ (D. Ariz. (citing *Planned*
24 *Parenthood,* 130 F.3d 400, 402 ((th Cir. 1997) (citing 6A Charles Alan Wright, Arthur R.
25 Miller & Mary Kay Kane, *Federal Practice and Procedure:* Civil 2D § 1509 (1990) (nothing
26 that leave to file a supplemental pleading will be denied where "the supplemental pleading
27 could be the subject of a separate action"); "A motion to supplement therefore may be denied
28 if granting the motion would, in effect, result in two separate actions within the same case."

*Bradberry v. Schriro.,* No. 05-1336-PHX_JAT, 2009 WL 971298 at *3 (D. Ariz. 2009) (citing Planned Parenthood, 130 F.3d at 402(9th Cir. 1997).

As both parties acknowledge, Defendant can file a separate lawsuit asserting its counterclaim as a separate action if it wishes to do so. As a result of the minimal, but still real, risk of prejudice to the putative class members that may result from allowing Defendant in the current setting to assert its separate counterclaim against the Garos, the Court denies leave to file the counterclaim in this action with leave for Defendant to bring a separate action asserting those claims. Therefore, Defendant's Motion for Leave to File Counterclaim Doc. 46 is denied.

Further, the Court is satisfied that counsel for Plaintiffs can adequately represent the class in its claims against Defendants. Proposed class counsel has relatively little experience representing Plaintiffs in class action lawsuits. Nevertheless, counsel has extensive familiarity with the federal consumer protection laws at issue here and has vigorously represented the interests of the putative class in this litigation. Further, it appears to the Court that, in light of the records maintained by Defendant, the logistics of identifying potential class members will be significantly alleviated, and proposed class counsel has the resources necessary to accomplish the identification and communication with the class members necessary to undertake a competent and thorough representation.

Because the Court desires to avoid the piecemeal determination as to which if any of the proposed subclasses it will certify, together with the question of whether both of the Plaintiffs or only Barbara Garo is an appropriate class representative, it will defer ruling on Plaintiff's Motion for Class Certification until such time as it rules on the Defendant's motion for summary judgment. As before mentioned, Plaintiffs may, during the interim, provide to the Court facts concerning the Garos' marital status, and any other facts or legal argument that may bear on whether Martin Garo is a "consumer" under the FDCPA due to his marital status with Barbara Garo or otherwise. This is the only issue on which the Court will entertain supplemental briefing on Plaintiffs' Motion to Certify. Should Plaintiffs wish to file any such supplemental arguments they are due on **December 21, 2010**. Defendant's

Response, if any, is due on **January 7, 2011**, and the Court will schedule oral argument on these issues on **January 11, 2011**.

### IV.     Plaintiffs' Motion For Depositions

Plaintiffs' Motion for Leave to Depose Martin Sugar and Daniel Elmalem and to Propound Additional Requests for Production, Doc. 70, is denied. If after having taken the depositions of those officers or employees designated by Defendant as knowledgeable on the issues on which Plaintiffs seek discovery pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs can demonstrate that those designated have no knowledge pertaining to relevant matters sufficient to bind Defendant, then Plaintiffs may renew their notice of the depositions of Mr. Sugar and Mr. Elmalem. At present, however, there is no reason to believe that either of these men have knowledge that is pertinent to Plaintiffs' claims that cannot be more fully explored pursuant to a Rule 30(b)(6) deposition notice.

The Additional Requests for Production are denied because Plaintiffs have not made or attempted to name any of the alleged "sister" corporations of Defendant as defendants in this matter, nor does their complaint contain any alter ego allegations. The Court has denied Defendant's Motion For Leave to File Counterclaim, Doc. 46. Therefore, there is no need to conduct discovery, in this case, concerning the jurisdictional or Rule 17 grounds on which Plaintiffs/Counterdefendants proposed to defend those claims. Therefore, Plaintiffs' Motion is denied, as is their Motion to Strike, Doc. 72.

**IT IS THEREFORE ORDERED**:

1.     Deferring a ruling on Defendant's Motion For Partial Summary Judgment, Doc. 35.

2.     Plaintiffs shall file their Response, if any, to Defendant's Motion for Partial Summary Judgment (Doc. 35) by **December 21, 2010**.

3.     Defendant shall file its Reply, if any, by **January 7, 2011**.

4.     Setting oral argument on Defendant's Motion for Partial Summary Judgment on **January 11, 2011 at 9:00 a.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. Each side will be given

twenty minutes to argue their position.

**IT IS FURTHER ORDERED:**

1. Denying Plaintiffs' Motion to Stay And/Or Abate Ruling, Doc. 48.

2. Denying Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction, Doc. 37.

3. Denying Defendant's Motion for Leave to File Counterclaim, Doc. 46.

4. Denying Plaintiffs' Motion for Leave to File Supplemental Authority, Doc. 66, as moot.

5. Denying Plaintiff's Motion For Leave to Depose Martin Sugar and Daniel Elmalem, Doc. 70.

6. Denying Plaintiffs" Motion to Strike, Doc. 72.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Class Certification and Appointment of Class Counsel, Doc. 40, is deferred until the Court rules on Defendant's Motion for Partial Summary Judgment, Doc. 35. Plaintiffs shall file any supplementation to the motion to certify on the matter identified by the Court by **December 21, 2010**. Any Response by Defendant shall be filed by **January 7, 2011**. These issues may also be discussed at the oral argument set for January 11, 2001.

DATED this 8th day of December, 2010.

G. Murray Snow
United States District Judge