Marshall Meyers, Esq. SBN 020584
Aaron Radbil, Esq.
Weisberg & Meyers, LLC
5025 N. Central Avenue, Suite 602
Phoenix, AZ 85012
Telephone:  602 445 9819
Facsimile:   866 565 1327
Attorneys for Plaintiffs/Consolidated Defendants

Cynthia L. Fulton, Esq.  SBN 012480
Fulton Friedman & Gullace LLP
2345 E. Thomas Rd., Ste. 460
Phoenix, Az.  85016
E-Mail:  cynthia.fulton@fultonfriedman.com
Telephone:  (866) 563-0809

Birgit Dachtera Stuart, Esq.
The Law Offices of Ronald S. Canter, LLC
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
E-Mail:  bstuart@roncanterllc.com
Telephone: (301)770-7490
Facsimile: (301)770-7493

Attorneys for Defendant/Consolidated Plaintiff
Global Credit and Collection Corporation

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Garo & Barbara Garo,<br>On behalf of themselves and all others similarly situated,<br><br>    Plaintiffs<br><br>vs.<br><br>Global Credit and Collection Corporation,<br><br>    Defendant | Case No.:  CV 09-2506 PHX GMS<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Martin Garo and Barbara Garo, on behalf of themselves and all others similarly situated, (hereinafter referred to as "Plaintiff") and Global Credit and Collection Corporation, (hereinafter referred to as "Defendant") hereby jointly request that the Court approve a proposed class settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure and approve the attached class notice and in support of such motion would respectfully show the following:

### A.  MOTION TO GRANT PRELIMINARY APPROVAL

**1.  NATURE OF THE CASE**

Plaintiffs are consumers who allegedly became delinquent on a consumer debt. Defendant is a debt collection agency and attempted to collect a consumer debt from Plaintiffs. Plaintiffs contend that in attempting to collect a consumer debt from them and from the Class they seek to represent, Defendant left telephone voice messages for them that violated the Fair Debt Collection Practices Act because the messages did not contain the disclosure provided for in 15 U.S.C. § 1692e(11) ("FDCPA").  The Plaintiff also contends that the Defendant failed to provide meaningful disclosure of the caller's identity in these same telephone messages in violation of 15 U.S.C. § 1692d(6).

Defendant denies Plaintiffs' allegations, but joins in this request for preliminary approval for settlement purposes.  In the event the class settlement is not approved, Plaintiff stipulates neither this motion nor the settlement agreement will in any way prejudice Defendant's right to contest all issues on any legal or equitable grounds, including the filing of a motion to decertify the class.

2

GARO V. GLOBAL CREDIT & COLLECTION CORPORATION
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

## 2. CLASS CERTIFICATION ORDER

On January 26, 2011, this Honorable Court entered an order (DE 90) certifying Plaintiffs as representatives of a class consisting of "all persons located in the Ninth Circuit who, within one (1) year before December 2, 2009, received a voice message from Defendant in connection with an attempt to collect any consumer debt where the text of the voice message was substantially similar or materially identical to the prerecorded messages delivered to Plaintiffs on October 7, as alleged in Plaintiffs' Second Amended Complaint, Paragraphs 34 and 36." The Court also appointed the law firm of Weisberg & Meyers, LLC as class counsel.

## 3. CLASS TYPE

Plaintiffs and Defendant ask the Court to certify a "hybrid" class pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3), which would permit recovery of monetary and injunctive relief for the class, and permit class members to opt out of the class settlement should they desire not to be bound by the terms of the settlement. The basis for this request is that the United States Congress has set limits on class liability under the FDCPA.

## 4. JOINT MOTION

In light of, and subject to the approval of the Settlement Agreement attached hereto as *Exhibit A,* Plaintiff and Defendant jointly move that the Court grant preliminary approval of this class settlement.

Movants hereby stipulate that any failure of the Court to approve the settlement shall not operate as a waiver of the claims or defenses of any of the parties. Movants hereby stipulate that entry of an order granting their request is conditioned upon:

(a) the accuracy of the representations and warranties contained in the Settlement Agreement;

(b) the performance by the Movants of their respective obligations under the

Settlement Agreement in all material respects prior to the Consummation Date (as defined in the Settlement Agreement);

(c) the entry of a final order releasing on behalf of Plaintiffs and the Class, all of the Released Claims as defined in the Settlement Agreement;

(d) the receipt by the Movants of all documents reasonably required to implement the Settlement Agreement; and

(e) no other class actions being certified against the Defendant asserting causes of action substantially identical to those asserted by Plaintiff in the present case.

In the event that any one of the foregoing conditions is not met as required by the Settlement Agreement, Movants agree that any failure of the Court to approve the Stipulation of Settlement shall not operate as a waiver of the claims or defenses of any of the Settlement Parties on any issue in this litigation.

### B.  MOTION TO APPROVE SETTLEMENT

**5.  NATURE OF SETTLEMENT**

The parties have agreed in principle to a settlement of this suit on a class-wide basis. The essential terms of the settlement are set out in the Settlement Agreement attached hereto as ***Exhibit A.*** The Settlement provides substantial benefits to the Class (as defined therein), which is a Class for settlement purposes only, and is fair, reasonable, and adequate in light of the relevant facts, applicable law, and potential value of the settlement to the Class.

Subject to the terms of the Settlement Agreement, Defendant agrees to provide the following relief to Plaintiff and the Class:

A. Defendant shall pay to Community Legal Service, Inc. as *a cy pres* distribution on behalf of the Class the total sum of $2,000.00.

B. Defendant will also pay Plaintiffs for their individual claim for statutory damages

    the total amount of $1,000.00 each, plus an incentive payment of $1,500.00 each in recognition for their services as Class Representatives.

  C. Defendant shall bear the costs of class administration, and (subject to approval of the Court) pay the reasonable attorney's fees and expenses of Plaintiff's attorneys in the amount of One hundred fifteen thousand dollars ($115,000.00).

  D. Defendant agrees to injunctive relief by way of the Court enjoining Defendant from intentionally leaving telephone messages for consumers which fail to give meaningful disclosure of the Defendant's identity as required by 15 U.S.C. § 1692d(6), and which fail to provide the disclosures required by 15 U.S.C. § 1692e(11).

 Counsel for Plaintiffs and Defendant represent to the Court that the proposed settlement was reached through arms-length negotiations between the parties and that Class Counsel are able experienced attorneys who are well-qualified to evaluate the proposed Settlement Agreement on behalf of the Class Members.

 A copy of the proposed Summary Notice of Class Action and Proposed Settlement, which is to be given by publication in a newspaper or magazine with a distribution in the States of Arizona, California, Idaho, Nevada, Montana, Washington, Oregon, Alaska and Hawaii (the parties have selected regional editions of USA Today), is attached to the Settlement Agreement as *Exhibit B.* That notice is sufficient to inform Class Members regarding: (a) the formation of the Class; (b) the Class definition; (c) the terms of the proposed settlement; (d) the proposed award of attorney's fees and expenses to Class Counsel; (e) Class Members' right to object to the proposed Settlement; (f) the time and date of the Fairness Hearing; and (g) Class Members' right to appear at the Fairness Hearing in favor of or in opposition to the proposed Settlement. The

Class Notice is written in plain English in a manner reasonably calculated to allow class members to participate in the settlement. The Notice provides Class Members with sufficient information to make an informed decision to object to any aspect of the proposed Settlement and also provides Class Members information as to, how to obtain the Notice of Class Action and Proposed Settlement.

The parties posit that the proposed notice is the best notice practical under the circumstances for the following reasons:

1. Defendant estimates that it placed approximately 423,000 telephone calls to phone numbers with area codes within the Ninth Circuit.

2. Defendant does not have records as to whether a voicemail message was left for some or all of the approximately 423,000 phone numbers called.

3. Defendant is also unable to determine whether the phone number called belonged to a consumer as defined by the FDCPA or belonged to another party who may have had the telephone number prior to or after the phone number had been assigned to a consumers.

4. Defendant is unable to determine that if the phone number called resulted in a message being left, whether the message was overheard by an individual allegedly owing a consumer debt or by a third person who had access to the telephone and/or answering machine message device.

5. Notification by publication in the USA Today has been acknowledged as appropriate notice in Fair Debt Collection Practices Act class settlement cases. See, e.g., Catala v. Resurgent Capital Services, L.P., 2010 WL 2524158 (S.D. Cal. June 22, 2010), Buchman v. Bray & Lunsford, United States District Court for the Middle District of Florida, Case No. 8:07-CV-01752-SCB-MSS (Exhibit C) and Seraji v. Capital Management Services,

6

GARO V. GLOBAL CREDIT & COLLECTION CORPORATION
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

L.P., United States District Court for the District of New Jersey, Case No. 3:09-CV-03465-FLW -DEA. (Exhibit D)

Defendant will publish the Notice as set forth in the Settlement Agreement or, if they find that doing so will be more cost effective, retain an independent claims administrator to do so.

### C.   FINAL ORDER

At the final Fairness Hearing, Movants anticipate presenting a final order giving effect to the Settlement and dismissing without prejudice all claims of any purported class members who have been excluded from the class.

### D.   RELEASE

Upon confirmation of the settlement at the Final Fairness Hearing the final order will release Defendant of all liability to the Class for the Released Claims and will enjoin Class Members from pursuing or filing suit upon the Released Claims.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court:

1. authorize the form and publication method of the Notice;
2. set a final hearing to determine whether the Settlement is fair, adequate, and reasonable; and
3. at such fairness hearing approve the Settlement Agreement and grant final judgment.

Movants further pray for all such other and further relief, both at law and in equity, as to which they may be justly entitled.

ATTORNEYS FOR THE PLAINTIFFS AND THE CLASS

/s/ Marshall Meyers, Esquire
Marshall Meyers, Esquire  SBN 020584
Weisberg & Meyers, LLC
5025 N. Central Avenue, Suite 602
Phoenix, AZ 85012
Telephone:  602 445 9819
Facsimile:   866 565 1327

/s/ Aaron Radbil, Esquire
Aaron Radbil, Esquire
Weisberg & Meyers, LLC
5025 N. Central Avenue, Suite 602
Phoenix, AZ 85012
Telephone:  602 445 9819
Facsimile:   866 565 1327

/s/ Cynthia L. Fulton
Cynthia L. Fulton, Esq.  SBN 012480
2345 E. Thomas Rd., Ste. 460
Phoenix, AZ  85016
E-Mail:  cynthia.fulton@fultonfriedman.com
Telephone:  (866) 563-0809

/s/ Birgit Dachtera Stuart
Birgit Dachtera Stuart, Esq.
THE LAW OFFICES OF RONALD S. CANTER, LLC
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
E-Mail:  bstuart@roncanterllc.com
Telephone: (301)770-7490
Facsimile: (301)770-7493

ATTORNEYS FOR DEFENDANT GLOBAL CREDIT AND COLLECTION CORP.

8

GARO V. GLOBAL CREDIT & COLLECTION CORPORATION
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT