# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT ARIZONA

Martin Garo & Barbara Garo,
On behalf of themselves and all others
similarly situated,

      Plaintiffs

vs.

Global Credit and Collection Corporation

      Defendant

Case No.: CV 09-2506 PHX GMS

**FINAL ORDER AND JUDGMENT WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter having come before the Court for a hearing on September 6, 2011 in accordance with the Court's Order dated May 16, 2011 (DE 128), and, based on the docketed materials and the representations of counsel at the hearing, the Court finds and concludes:

## 1. NATURE OF THE CASE

1.01. Plaintiff Martin Garo filed this lawsuit on December 2, 2009.  (DE 1.)  On July 16, 2010, Plaintiff filed a Second Amended Complaint, adding Barbara Garo as a Plaintiff. (DE 30.)  The Plaintiffs are consumers from Arizona who allegedly became delinquent on a consumer debt.  Defendant, Global Credit and Collection Corporation, is a debt collector, which is organized as corporation, and which attempted to collect an alleged debt from the respective Plaintiffs.  The Plaintiffs contend that, in attempting to collect this alleged consumer debt from them, and other debts from the Settlement Class they seek to represent, Defendant left telephone voice messages for them that violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et. seq.* ("FDCPA.")

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1.02.   The Plaintiffs' Second Amended Complaints alleges that the Defendant's telephone messages failed to provide meaningful identification of the caller in violation of 15 U.S.C. §1692d(6), that the messages also failed to give the disclosures required by 15 U.S.C. §1692e(11), contained false or deceptive representations in violation of 15 U.S.C. §1692e(10), and were an unfair and unconscionable means of collecting a debt in violation of 15 U.S.C. §1692f.[1]

1.03.   In its Answer to Plaintiffs' Second Amended Complaint (DE 30), Defendant denied the Plaintiffs' allegations and asserted, *inter alia*, that any alleged violation, if it was a violation, was unintentional and resulted from a *bona fide error*, notwithstanding the maintenance of procedures reasonably adapted to avoid the violation.

1.04.   September 30, 2010, Plaintiffs filed a Motion to Certify Class and for Appointment of Class Counsel.  (DE 40.)   On October 15, 2010, Defendant filed its Response and Opposition to Motion to Certify the Class, (DE 53), and on October 23, 2010, the Plaintiffs filed their Reply in Support of the Motion for Class Certification (DE 55). Additionally, there was supplemental briefing on the issue of Class Certification.  (DE 70, 80, 83 and 85.)

1.05.   Over the course of the next several months, several discovery related motions were filed and resolved by the Court.

1.06.   On January 26, 2011, this Court granted Defendant's Motion for Partial Summary Judgment and dismissed Count V of the Second Amended Complaint.  (DE 90.)

1.07.   On January 26, 2011, the Court granted in part and denied in part Plaintiff's Motion for

---

[1] Plaintiffs' Second Amended Complaint also alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.*  That claim was dismissed by this Court on January 26, 2011 (DE 90).

GARO V. GLOBAL CREDIT & COLLECTION CORPORATION
FINAL ORDER AND JUDGMENT WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

Class Certification as follows:  Certifying Barbara and Martin Garo as representatives of the class consisting of all persons located in the Ninth Circuit who, within one (1) year before December 2, 2009, received a voice message from Defendant in connection with an attempt to collect any consumer debt, where the text of the voice message was substantially similar or materiality identical to the pre-recorded messages delivered to Plaintiffs on October 7, as alleged in Plaintiffs' Second Amended Complaint (¶¶ 34 and 36), and appointing the law firm of Weisberg & Meyers, LLC as class counsel.  (DE 90.)

**2.      SETTLEMENT AND NOTICE**

2.01.   Over the course of several months, counsel for the Plaintiffs and Defendant reviewed and analyzed the complex legal and factual issues presented in this Action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement from Defendant, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more appeals of procedural and substantive issues.

2.02.   Based upon these reviews and analyses, the Plaintiffs and Defendant embarked upon and concluded comprehensive settlement discussions, which ultimately resulted in their execution of a Settlement Agreement, a copy of which was filed with the Court on April 25, 2011, (DE 119-1 and 119-3) and which was part of Defendant and Plaintiffs' Joint Motion for Preliminary Approval of Class Action Settlement (DE 119).

2.03.   In their Motion for Preliminary Approval of a Class Action Settlement (DE 119) Plaintiffs and Defendant asked the Court to certify a "hybrid" class pursuant to Federal

GARO V. GLOBAL CREDIT & COLLECTION CORPORATION
FINAL ORDER AND JUDGMENT WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

Rules of Civil Procedure, Rule 23(b)(2) and (b)(3), which would permit recovery of monetary and injunctive relief for the class, and permit class members to opt out of the Class Settlement should they desire not to be bound by the terms of the settlement.

2.04.   The basis for this request was that the United States Congress had set limit on class liability under the FDCPA. Defendant has made certain admissions during the discovery phase of this Action to Settlement Class Counsel concerning the number of class members; and its net worth.  This discovery has demonstrated that the maximum amount of statutory damages available under 15 U.S.C. §1692k for each unnamed class member would have been less than $1.00 each if Plaintiffs were to prevail on the merits at trial and on appeal.

2.05.   On May 9, 2011, Plaintiff's counsel pursuant to an order issued April 28, 2011, filed its Brief in Support of Attorney's Fees.  (DE 121.)

2.06.   On May 12, 2011, a hearing was held regarding the Preliminary Approval of a Class Action Settlement.   (DE 127.)

2.07.   On May 16, 2011, this Court granted Preliminary Approval of the Settlement, and set the Final Approval Hearing and other dates. (DE 128.)

2.08.   Pursuant to this Court's Order, DE 128 as amended by DE 131, notice was provided, and proof of publication of the notices were filed.  (DE 130 and 133.)

**3.      THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE**

3.01.   Fed.R.Civ. P. 23(e)(2) provides, in part, that the Court  may approve a settlement "only after a hearing and on finding that it is fair, reasonable, and adequate."  The Court held a hearing on September 6, 2011 and, for the following reasons, finds that the settlement is fair, reasonable and adequate.

GARO V. GLOBAL CREDIT & COLLECTION CORPORATION
FINAL ORDER AND JUDGMENT WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

3.02.   Had this matter proceeded as a contested matter and Plaintiffs prevailed on all issues, the following relief could have been awarded:  (a) up to but no more than $1,000 in statutory damages to each named Plaintiff; (b) a discretionary incentive award to each named Plaintiff; (c) less than $1.00 per putitive class member in statutory damages; and (d) Plaintiffs' reasonable attorneys' fees and costs.  Such relief would have only been obtained Plaintiffs, if Plaintiffs proved liability.  In the Motion and at the hearing on September 6, 2011, some of the myriad reasons why Plaintiffs might not have succeeded were discussed.

3.03.   By settling, the Plaintiffs agreed to reduce the class statutory damages to $7,000.  In exchange, Plaintiffs secured prospective relief by way of an injunction, brought about an early resolution to the litigation, and placed a limit on recoverable attorneys' fees and costs.  Injunctive relief is not available to Plaintiffs under the FDCPA were they to succeed in litigating this matter as a contested case.  Nevertheless, Defendant consents to such relief.

3.04.   The injunction requires Defendant to comply with the law as interpreted by Plaintiffs (as well as most other District Courts which have addressed the issues although neither the Supreme Court nor any Court of Appeals have addressed them).  Specifically, Defendant is enjoined from intentionally leaving telephone messages for consumers which fail to give meaningful disclosure of the Defendant's identity is required by 15 U.S.C. §1692d(6), and which fail to provide the disclosures required by 15 U.S.C. §1692e(11).

3.05.   Were the class to recover statutory damages at the maximum allowable under the FDCPA, it would still not be sufficient to justify a class wide distribution as opposed

5

to a cy press payment.  Consequently, the difference between the amount of the class statutory damages under the Settlement Agreement and the maximum allowable results in no tangible benefit to the class members.

3.06.   The Court will grant the payment of class statutory damages as a cy pres payment to Community Legal Services, Inc., an organization which the Court finds to be worthy and appropriate.

3.07.   The Court also finds that the award of those funds as a cy pres payment is justified because statutory damages do not represent actual damages in compensation for a loss suffered by the class members, a class wide distribution would result in a nominal per capita distribution, the cost of such a distribution would dwarf the amount being distributed, and the policies of the FDCPA are better promoted by the cy pres payment.

3.08.   The Court finds that the value of the injunctive relief exceeds any benefit that could have been realized by individual class members such that the settlement is fair, reasonable and adequate.

**4.0   COUNSEL FEES**

4.01.   The Court approves an award of counsel fees and costs in the amount of $115,000. The Court was directly involved in the management of this action.  The Court is satisfied that Class Counsel are able and experienced attorneys who are well-qualified and who obtained relief by way of settlement which would not have been available through continued litigation which relief provides a significant public benefit and promotes the public policies embodied in the FDCPA.  Consequently, the Court finds that $115,000 fairly represents the value of the services provided by Class Counsel.

Based on the foregoing findings and conclusions, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.   The Court confirms its certification in the Certification Order of this Action as a class

action in accordance with Fed.R.Civ.P. 23(c)(1)(B) and:

(a)   defines the "Settlement Class," a hybrid class pursuant to Fed.R.Civ.P. Rule

23(b)(2)(3) and further certifies the following class of persons under Rule

13(c)(a) for settlement purposes as all persons with addressed in Alaska,

Arizona, California, Guam, Hawaii, Idaho, Nevada, Northern Mariana Islands,

Montana, Oregon, and Washington who received the message left by Global

Credit and Collection Corporation on a telephone answering device, which

message failed to:   (a) meaningfully identify Global Credit and Collection

Corporation by name of the caller; and (b) disclose that the communication was

from a debt collector, and which message was left within one year before

December 2, 2009.

(b)   defines the "Class Claims" as whether Defendant Global Credit and Collection

Corporation failed to meaningfully disclose its identity as required by 15 U.S.C.

§1692d(6) of the Fair Debt Collection Practices Act and whether Defendant

failed to disclose that the communication was from a debt collector and/or failed

to disclose the purpose of the communication required by 15 U.S.C. §1692e(11).

2.   The Court declares that the Notices to the Settlement Class satisfied the requirements

of Fed.R.Civ.P. 23 and due process.

3.   The Court declares that the terms of the settlement, as set forth in the Settlement

Agreement, are fair, reasonable and adequate.

4.   The Court approves payment to named Plaintiffs Barbara Garo and Martin Garo as set

1

forth in the Settlement Agreement.

2

5.    The Court approves the disbursement of the cy pres payment as provided for in the

3

Stipulation to the following charitable institution:  Community Legal Services, Inc., in

4

the amount of $2,000.

5

6.    The Court approves an award of attorneys' fees and costs to Settlement Class co-

6

counsel as provided for in the Settlement Agreement and declares such fees and costs

7

to be fair and reasonable.

8

7.    The parties are directed to implement the settlement in accordance with the Settlement

9

Agreement.

10

8.    This Order and Judgment constitutes "Final Approval" within the meaning of the

11

Settlement Agreement.

12

9.    In accordance with the Settlement Agreement:

13

(a)    "Released Parties" means Defendant and Defendant's successors,

14

predecessors, assignees, and current and former officers, directors,

15

shareholders, and employees;

16

(b)    as of the "Effective Date" (as defined in the Settlement Agreement), each

17

member of the Settlement Class is deemed to release and forever discharge the

18

Released Parties from the Settlement Class claims; and

19

(c)    as of the "Effective Date" (as defined in the Settlement Agreement), each

20

Settlement Class Representative is deemed to release and forever discharge the

21

Released Parties from all causes of action, controversies, actions, demands,

22

torts, damages, costs, attorneys' fees, moneys due on account, obligations,

23

judgments, alleged violations of the FDCPA and liabilities of any kind

24

25

GARO V. GLOBAL CREDIT & COLLECTION CORPORATION
FINAL ORDER AND JUDGMENT WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

whatsoever in law or equity, arising out of the Settlement Agreement or imposed by federal or state statute, common law or otherwise, from the beginning of time to the date the Settlement Agreement was signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not.

10.     Defendant is permanently enjoined as follows:

(a)     Defendant shall use its best efforts in all telephone communications with consumers that are subject to the FDCPA to ensure that they and their employees comply with the FDCPA by creating new standardized messages and compliance procedures for its collectors to follow to:  (1) give meaningful disclosure of the caller's identity; (2) identify the caller as "debt collector;" and (3) stat that the communication is for the purpose of collecting a debt.  By agreeing to this, Defendant does <u>not</u> waive any defenses or rights under the federal law.

(b)     In accordance with Fed.R.Civ.P. 65(d)(2), this injunction is binding on Defendant, its officers, agents, servants, employees and attorneys, as well as all those in active concert or participation with any of them; and

11.     The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Agreement and this Final order. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

GARO V. GLOBAL CREDIT & COLLECTION CORPORATION
FINAL ORDER AND JUDGMENT WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

1     DATED this 6th  day of September, 2011.

2

3

4     ROBERT J. BRYAN
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

GARO V. GLOBAL CREDIT & COLLECTION CORPORATION
FINAL ORDER AND JUDGMENT WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW